The opinion of the'Court was delivered by
Munro, J.
Out of the numerous grounds taken by the defendant for a nonsuit, and for a new trial, the only one upon which we deem it necessary to rest the judgment of the Court-is the second ground for a new trial, which attributes error to the Circuit Judge, in failing to instruct the jury, that the par, tial payment by the legal representative of the joint drawer of the note was insufficient to arrest the bar of the statute of limitations.
The note in question appears to have been executed by one Wm. B. Hyat, as principal, and the defendant as his surety, the consideration of which was a tract of land purchased by Hyat at the sale of his deceased father’s estate, and bears date the 27th of October, 1847. That sometime after the execution of the note, Hyat the principal died intestate, and administration was taken out upon his estate by the plaintiff, and upon the death of the executor of the estate of Wm. Hyat, who was the intestate’s father, the plaintiff also obtained letters of adfninistration with the will annexed, and in this way became the legal representative of the estates of both the father and son.
*45 It further appears, that from the proceeds arising from the sale of the balance of the testator’s lands, which had been sold by order of the Court of Equity, the sum of one hundred and fifty dollars was paid by the commissioner of that Court to the plaintiff as his.intestate’s portion of the fund: which sum, it is alleged, was placed to the credit of the note, by the plaintiff, on the 5th of August, 1851; and was the ground relied upon, to suspend the operation of the statute, which had not then run out.
Had the payment in question been made by the intestate in his life-time, there can be no question but its effect would have been to suspend the operation of the Statute, but it is equally clear that the authority derived from the contract to bind his companion terminated with his own life, and did not devolve upon his legal representative; In Byles on Bills, at page 267, the rule on this subject is thus stated “ where there is a joint contract, the parties are respectively agents for each other in respect to the contract, until the liability determines. In a joint action therefore against the makers of a joint and several promissory note, or if the action be against one alone, payment by his companion will bind the other. But after the joint liability has determined by the death of one of the parties, payment by the survivor will not take the note out of the statute against the executor of the deceased, nor will a payment by the executor of the deceased affect the survivor.”
The motion for a new trial is therefore granted.
O’Neall, Wardlaw, Withers, Whitner and G-lover, JJ., concurred.

Motion granted.